UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE ROBERT WILKE, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:09-CV-373 RM |
| ) | (Arising out of 3:07-CR-110(05) RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

On August 19, 2009, the court denied Lawrence Wilke's petition filed pursuant to 28 U.S.C. § 2255 based on Mr. Wilke's waiver, in his plea agreement, of his right to appeal and to file a habeas petition. On December 2, Mr. Wilke filed an untimely notice of appeal, which was accompanied by a letter in which Mr. Wilke represents that he didn't receive a copy of the order denying his petition until November 15. He also says in his letter that he "would have the court note that [he] is an indigent incarcerated person filing pro se in this matter." Mr. Wilke's December 2 submission, however, didn't include a request to extend or reopen the time for filing an appeal pursuant to Federal Rules of Appeallate Procedure 4(a)(5) and 4(a)(6), an affidavit relating to his financial condition as required by Federal Rule of Appellate Procedure 24(a)(1)[1], or a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

---

[1] No finding has been made in this case as to Mr. Wilke's financial condition; he was represented in this court by retained counsel.

Even recognizing that Mr. Wilke's notice of appeal may be deemed timely pursuant to Federal Rule of Appellate Procedure 4(a)(6), the court declines to so find for two reasons. First, Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). No reasonable person could find that Mr. Wilke's appeal has any merit, so the court concludes that his appeal is not taken in good faith and his request for pauper status must be denied. And, second, issuance of a certificate of appealability requires the court to find that Mr. Wilke has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not. In his plea agreement, Mr. Wilke waived his right to file a petition under § 2255, and he hasn't alleged or advanced any claims relating to the negotiation of his plea agreement. *See* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."). Had Mr. Wilke properly requested a certificate of appealability, his request would be denied.

Based on the foregoing,

(1) the court concludes that Mr. Wilke's notice of appeal was not timely filed;

2

(2) viewing Mr. Wilke's letter (dated November 23 and filed December 2) as a request to proceed *in forma pauperis* on appeal, his request is denied; and

(3) the court declines to issue a certificate of appealability.

SO ORDERED.

ENTERED:   December 7, 2009

                                           /s/ Robert L. Miller, Jr.
                                           Chief Judge
                                           United States District Court

cc:    L. Wilke
       AUSA Grimmer