UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LAWRENCE R. WILKE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-373 RM |
| | ) | (Arising out of 3:07-CR-110(05) RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

Lawrence Wilke's petition filed pursuant to 28 U.S.C. § 2255 was denied on August 19, 2009. On December 2, Mr. Wilke filed a Notice of Appeal and indicated in that notice and in a letter received by the court that same date that he didn't receive a copy of the court's August 19 Opinion and Order until November 15. While Mr. Wilke didn't ask to reopen the time for filing an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), the court will view his filings as including that request. *See* July 2, 2010 Order of Seventh Circuit Court of Appeals.

Before December 1, 2009, Federal Rule of Appellate Procedure 4 allowed a district court to reopen the time to file a notice of appeal if:

> (A) the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). The time frame in subsection (B) was changed from seven to fourteen days, effective December 1.

Mr. Wilke's statement that he didn't receive notice of the entry of judgment in his case until November 15, more than twenty-one days after issuance of the Opinion and Order denying his § 2255 petition on August 19, satisfies subsection (A).

The court received and filed Mr. Wilke's notice of appeal and letter on December 2, but because Mr. Wilke is incarcerated, Federal Rule of Appellate Procedure 4(c) provides that his notice of appeal is to be deemed timely "if it is deposited in the institution's internal mail system on or before the last day for filing." *See also* United States v. Fischer, No. 87-CR-40070, 2009 WL 458564, at *1 (S.D. Ill. Feb. 24, 2009) ("Because [Mr. Fischer] is a prisoner, he is entitled to the benefit of the mailbox rule under which a prisoner is considered to have 'filed' a document when he turns it over to a prison official to be sent to the court." (*citing* Houston v. Lack, 487 U.S. 266, 276 (1988))). Mr. Wilke affirmed in the certificate of service attached to his Notice of Appeal that he mailed the document on the "23rd day of November, 2009," and his accompanying letter is dated November 23, 2009. Thus, Mr. Wilke's November 23 Notice of Appeal would be timely under both versions of subsection (B).

Lastly, allowing Mr. Wilke to proceed on appeal can't be seen as unduly prejudicial to the government under subsection (C), especially in light of the

2

government's suggestion that Mr. Wilke's letter should be liberally construed as a request to reopen the time for filing an appeal.

Accordingly, the court GRANTS Mr. Wilke's request to reopen the time to file an appeal [filed December 2, 2009] and DEEMS his Notice of Appeal to be timely filed.

SO ORDERED.

ENTERED:  July 14, 2010 


　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　United States District Court

cc: L. Wilke
　　W. Grimmer